IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-473

 Filed: 16 June 2020

Orange County, No. 18 CRS 700389

STATE OF NORTH CAROLINA

 v.

DEMON HAMER

 Appeal by defendant from judgment entered 29 November 2018 by Judge

Michael J. O’Foghludha in Orange County Superior Court. Heard in the Court of

Appeals 3 December 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Ann Stone,
 for the State.

 W. Michael Spivey for defendant-appellant.

 ZACHARY, Judge.

 Defendant Demon Hamer appeals from a judgment entered upon the trial

court’s verdict finding Defendant guilty of speeding 94 miles per hour in a 65-mile-

per-hour zone. On appeal, Defendant argues that the trial court erred in conducting

a bench trial because Defendant did not knowingly and voluntarily waive his right to

a trial by jury. After careful review, we affirm.

 Background
 STATE V. HAMER

 Opinion of the Court

 On 12 January 2018, Trooper Michael Dodson of the North Carolina State

Highway Patrol stopped Defendant on I-40 for speeding. Trooper Dodson issued a

citation charging Defendant with (i) speeding 94 miles per hour in a 65-mile-per-hour

zone, and (ii) reckless driving.

 On 26 July 2018, Defendant’s case came on for trial before the Honorable

Beverly Scarlett in Orange County District Court. The State dismissed the reckless

driving charge and proceeded solely on the speeding charge – a Class III

misdemeanor. That day, the district court found Defendant guilty of the speeding

charge, and entered judgment ordering Defendant to pay costs and a $50 fine.1 On 6

August 2018, Defendant filed a pro se written notice of appeal seeking a trial de novo

in Orange County Superior Court. The superior court treated Defendant’s filing as a

petition for writ of certiorari, which the court allowed.

 On 29 November 2018, Defendant’s trial de novo commenced in Orange County

Superior Court before the Honorable Michael J. O’Foghludha. At the outset, the

superior court confirmed with defense counsel that Defendant was waiving his right

to a jury trial.

 The superior court accepted the waiver, and the trial proceeded. After the

State rested, the superior court personally addressed Defendant regarding the waiver

 1 We are unable to ascertain how Defendant pleaded before the district court. The district
court’s judgment indicates that Defendant pleaded “guilty/resp.” Yet, when discussing a jurisdictional
question with counsel immediately before Defendant’s 29 November 2018 trial, the superior court
noted that Defendant had pleaded “not guilty” to both charges before the district court.

 -2-
 STATE V. HAMER

 Opinion of the Court

of his right to a jury trial. The defense then put on its case-in-chief. At the conclusion

of trial, the superior court found Defendant guilty of speeding 94 miles per hour in a

65-mile-per-hour zone. Defendant timely filed written notice of appeal.

 Discussion

 On appeal, Defendant argues that the trial court erred in conducting a bench

trial because the record fails to establish that Defendant knowingly and voluntarily

waived his constitutional right to a trial by jury. We disagree.

 A. The Constitutional Right to a Jury Trial

 As Defendant correctly observes, it is not the United States Constitution, but

rather the North Carolina Constitution, that guarantees the right at issue in this

case. The United States Supreme Court has held that although “the Sixth

Amendment, as applied to the States through the Fourteenth, requires that

defendants accused of serious crimes be afforded the right to trial by jury[,] . . . so-

called ‘petty offenses’ may be tried without a jury.” Baldwin v. New York, 399 U.S.

66, 68, 26 L. Ed. 2d 437, 440 (1970). With regard to the Sixth Amendment, “no offense

can be deemed ‘petty’ for purposes of the right to trial by jury where imprisonment

for more than six months is authorized.” Id. at 69, 26 L. Ed. 2d at 440.

 In the instant case, Defendant was convicted of a Class 3 misdemeanor

punishable by a maximum of 20 days’ imprisonment, to wit: speeding 94 miles per

hour in a 65-mile-per-hour zone in violation of N.C. Gen. Stat. § 20-141(j1) (2019).

 -3-
 STATE V. HAMER

 Opinion of the Court

See also id. § 15A-1340.23(c). Accordingly, as Defendant concedes, “the Sixth

Amendment guarantee of a jury trial does not apply in this case.”

 North Carolina, however, “has historically mandated trial by jury in all

criminal cases.” State v. Boderick, 258 N.C. App. 516, 522, 812 S.E.2d 889, 893 (2018)

(emphasis added) (citation omitted). Moreover, contrary to the right afforded by the

Sixth Amendment, the right to a jury trial guaranteed by our state constitution

historically could not be waived. Id. (citation and internal quotation marks omitted).

That changed on 1 December 2014, when “the North Carolina Constitution was

amended by the citizens of North Carolina to allow criminal defendants to waive their

right to a trial by jury in non-capital cases.” State v. Jones, 248 N.C. App. 418, 421,

789 S.E.2d 651, 654 (2016).

 As amended, article I, § 24 of the North Carolina Constitution provides:

 No person shall be convicted of any crime but by the
 unanimous verdict of a jury in open court, except that a
 person accused of any criminal offense for which the State
 is not seeking a sentence of death in superior court may, in
 writing or on the record in the court and with the consent
 of the trial judge, waive jury trial, subject to procedures
 prescribed by the General Assembly. The General
 Assembly may, however, provide for other means of trial
 for misdemeanors, with the right of appeal for trial de novo.

N.C. Const. art. I, § 24.

 Our General Assembly codified the 2014 constitutional amendment in N.C.

Gen. Stat. § 15A-1201(a)-(b). See 2013 N.C. Sess. Laws 300-399, § 4. The legislature

 -4-
 STATE V. HAMER

 Opinion of the Court

subsequently amended § 15A-1201 to include subsections (c) through (f), thereby

prescribing the procedures that apply when a defendant seeks to waive the right to a

jury trial. See Boderick, 258 N.C. App. at 522-23, 812 S.E.2d at 894 (citing 2015 N.C.

Sess. Laws 289-215, § 1; N.C. Gen. Stat. § 15A-1201 (c)-(f) (2015)).

 B. Standard of Review

 In order to prove that the trial court erred by accepting his waiver of the right

to a jury trial, Defendant must show (1) that the trial court violated the waiver

requirements set forth in N.C. Gen. Stat. § 15A-1201, and (2) that Defendant was

prejudiced by the error. State v. Swink, 252 N.C. App. 218, 221, 797 S.E.2d 330, 332,

appeal dismissed and disc. review denied, 369 N.C. 754, 799 S.E.2d 870 (2017).

 We note that Defendant did not object to the trial court’s action below, and

generally, this Court will not address an issue that has not yet been considered and

ruled upon by the trial court. See N.C.R. App. P. 10(a)(1). “Nonetheless, it is well

established that when a trial court acts contrary to a statutory mandate and a

defendant is prejudiced thereby, the right to appeal the court’s action is preserved,

notwithstanding [the] defendant’s failure to object at trial.” In re E.D., 372 N.C. 111,

116, 827 S.E.2d 450, 454 (2019) (citations and internal quotation marks omitted).2

 2 Our Supreme Court recently clarified the scope of the longstanding “rule that a statute’s
mandate must be directed to the trial court in order to automatically preserve a statutory violation as
an issue for appellate review[.]” In re E.D., 372 N.C. at 117, 827 S.E.2d at 454. “[A] statutory mandate
that automatically preserves an issue for appellate review is one that, either: (1) requires a specific act
by a trial judge, or (2) leaves no doubt that the legislature intended to place the responsibility on the

 -5-
 STATE V. HAMER

 Opinion of the Court

 Whether the trial court violated a statutory mandate is a question of law,

which we review de novo on appeal. State v. Rutledge, __ N.C. App. __, __, 832 S.E.2d

745, 747 (2019).

 C. Waiver of the Right to Trial by Jury

 N.C. Gen. Stat. § 15A-1201(b)—the waiver provision—states, in pertinent part:

 A defendant accused of any criminal offense for which the
 State is not seeking a sentence of death in superior court
 may, knowingly and voluntarily, in writing or on the record
 in the court and with the consent of the trial judge, waive
 the right to trial by jury. When a defendant waives the
 right to trial by jury under this section, the jury is
 dispensed with as provided by law, and the whole matter
 of law and fact . . . shall be heard and judgment given by
 the court.

N.C. Gen. Stat. § 15A-1201(b).

 A defendant shall provide notice of his intent to waive the right to a jury trial

by any of the following methods:

 (1) Stipulation, which may be conditioned on each party’s
 consent to the trial judge, signed by both the State and the
 defendant . . . .

judge presiding at the trial, or at specific courtroom proceedings that the trial judge has authority to
direct[.]” Id. at 121, 827 S.E.2d at 457 (citations and quotation marks omitted).

 Here, a plain reading of N.C. Gen. Stat. § 15A-1201 “leaves no doubt that the legislature
intended to place” certain responsibilities on, and require specific acts by, the presiding judge in
considering a defendant’s waiver of the right to a jury trial. Id. (citation and quotation marks omitted);
see also N.C. Gen. Stat. § 15A-1201(d) (providing that “[t]he decision to grant or deny the defendant’s
request for a bench trial shall be made by the judge who will actually preside over the trial[,]” and
setting forth acts that “the trial judge shall do” prior to “consenting to a defendant’s waiver of the right
to a trial by jury” (emphasis added)). Consequently, appellate review of this issue is preserved,
notwithstanding Defendant’s failure to object at trial.

 -6-
 STATE V. HAMER

 Opinion of the Court

 (2) Filing a written notice of intent to waive a jury trial
 with the court and serving on the State . . . within the
 earliest of (i) 10 working days after arraignment, (ii) 10
 working days after service of a calendar setting under G.S.
 7A-49.4(b), or (iii) 10 working days after the setting of a
 definite trial date under G.S. 7A-49.4(c).

 (3) Giving notice of intent to waive a jury trial on the record
 in open court by the earlier of (i) the time of arraignment
 or (ii) the calling of the calendar under G.S. 7A-49.4(b) or
 G.S. 7A-49.4(c).

Id. § 15A-1201(c).

 After the defendant gives notice of his intent to waive his right to a jury trial,

“the State shall schedule the matter to be heard in open court to determine whether

the judge agrees to hear the case without a jury.” Id. § 15A-1201(d). “The decision to

grant or deny the defendant’s request for a bench trial shall be made by the judge

who will actually preside over the trial.” Id.

 Before consenting to a defendant’s waiver of the right to a
 trial by jury, the trial judge shall do all of the following:

 (1) Address the defendant personally and determine
 whether the defendant fully understands and appreciates
 the consequences of the defendant’s decision to waive the
 right to trial by jury.

 (2) Determine whether the State objects to the waiver and,
 if so, why. Consider the arguments presented by both the
 State and the defendant regarding the defendant’s waiver
 of a jury trial.

Id.

 -7-
 STATE V. HAMER

 Opinion of the Court

 Here, it is unclear how Defendant first provided notice of his intent to waive

his right to a jury trial pursuant to N.C. Gen. Stat. § 15A-1201(c).3 It is evident,

however, that all parties were aware of Defendant’s intent, as this was the initial

matter raised before trial:

 [THE STATE]: Your Honor, whenever you are ready, we
 can address [Defendant] . . . . He is charged with speeding
 94 in a 65 and reckless driving.

 THE COURT: All right. So this is a bench trial; correct?

 [THE STATE]: Yes, sir. And I understand it –

 [DEFENSE COUNSEL]: Yes, Your Honor.

 ....

 THE COURT: Okay. So first of all, just technically, the
 defendant is waiving a jury trial?

 [DEFENSE COUNSEL]: That’s correct, Your Honor.

 THE COURT: Okay. And I presume that there is a statute
 that allows that?

 [DEFENSE COUNSEL]: That is correct, Your Honor. We
 have – the State and I have – the State has consented. We
 have – there is no disagreement about the bench trial.

 THE COURT: Is it the same statute that says that Class I
 felonies can be waived? Is it under that same statute?

 ....

 3 The record contains neither signed stipulations in accordance with subsection (c)(1), nor
written notice in accordance with subsection (c)(2). Although the transcript evinces that the parties
had consented to Defendant’s waiver of a jury trial, there is no evidence of when or how this occurred,
or whether Defendant properly gave notice pursuant to subsection (c)(3).

 -8-
 STATE V. HAMER

 Opinion of the Court

 [DEFENSE COUNSEL]: It’s 15A-1201 subsection (b).

 THE COURT: Thank you, sir. So just as a technical matter
 . . . that’s accepted by the Court under that statute since
 the State consents.

 The State then dismissed Defendant’s reckless driving charge, but challenged

the superior court’s jurisdiction over the case, due to the timeliness of Defendant’s

notice of appeal from district court. Noting that Defendant had attempted to appeal

in open court, the trial court opted to treat Defendant’s filing as a petition for writ of

certiorari and conduct a bench trial on the speeding charge:

 THE COURT: Okay. Now . . . before we start, . . . can we
 do this without – and I will do it with any formality you
 would like – but can we treat it like a district court trial
 and simply hear the evidence and have me rule? Is there
 any objection to that? We don’t have to go through any
 extra procedural hoops?

 [THE STATE]: Your Honor, the State would prefer that.
 [Defense counsel] has filed a motion for complete
 recordation, which includes pretrial hearings, motions
 hearings, bench conferences, opening statements, and
 closing arguments.

 THE COURT: Well, that would be allowed.

 The State then proceeded with its case-in-chief. Later, however, after the State

rested, but before the defense presented evidence, the trial court recognized its duty

under N.C. Gen. Stat. § 15A-1201(d)(1) to “[a]ddress . . . [D]efendant personally and

 -9-
 STATE V. HAMER

 Opinion of the Court

determine whether [he] fully underst[ood] and appreciate[d] the consequences of [his]

decision to waive the right to trial by jury”:

 THE COURT: Okay. Hold on just one second. . . .

 I was just reading . . . 15A-1201, we complied
 completely with that statute with the exception of the fact
 that I’m supposed to personally address the defendant and
 ask if he waives a jury trial and understands the
 consequences of that. Would you just explain that to your
 client.

 (Pause in proceedings while [defense counsel] consulted
 with [Defendant].)

 [DEFENSE COUNSEL]: Okay, Your Honor.

 ....

 THE COURT: Mr. Hamer, I just have to comply with the
 law and ask you a couple of questions. That statute allows
 you to waive a jury trial. That’s 15A-1201. Your defendant
 (sic) has waived it on your behalf. The State has consented
 to that. Do you consent to that also?

 DEFENDANT: Yes, sir.

 THE COURT: And you understand that the State has
 dismissed the careless and reckless driving. The only
 allegation against you is the speeding, and that is a Class
 III misdemeanor. It does carry a possible fine. And under
 certain circumstances it does carry [the] possibility of a 20-
 day jail sentence. Do you understand that?

 DEFENDANT: Yes, sir.

 THE COURT: All right. Is that acceptable to you?

 DEFENDANT: Yes, sir. I feel confident it was.

 - 10 -
 STATE V. HAMER

 Opinion of the Court

 THE COURT: Thank you so much. You may have a seat.

 Defendant asserts, and we agree, that the trial court erred by failing to adhere

to the procedures prescribed by our General Assembly in N.C. Gen. Stat. § 15A-

1201(d). At the outset of the proceedings, the trial court sought confirmation that

“this [wa]s a bench trial” and that Defendant was “waiving a jury trial[.]” Defense

counsel affirmed, noting that the State had consented to Defendant’s waiver, and

there was “no disagreement about the bench trial.” After a brief discussion about

waiver pursuant to N.C. Gen. Stat. § 15A-1201, the trial court announced that it

“accepted [Defendant’s waiver] . . . since the State consents.” The trial court thus

erroneously commenced a bench trial without first personally addressing Defendant

to determine whether he fully understood and appreciated the consequences of that

decision, in violation of N.C. Gen. Stat. § 15A-1201(d)(1).

 The statutory requirements are clear: “[b]efore consenting to a defendant’s

waiver of the right to a trial by jury, the trial judge shall”: (1) personally address the

defendant to determine whether he “fully understands and appreciates the

consequences of [his] decision to waive the right to trial by jury”; and (2) “[d]etermine

whether the State objects to the waiver and, if so, why. Consider the arguments

presented by both the State and the defendant regarding the defendant’s waiver of a

jury trial.” N.C. Gen. Stat. § 15A-1201(d) (emphases added). In failing to conduct the

 - 11 -
 STATE V. HAMER

 Opinion of the Court

statutorily mandated colloquy with Defendant before consenting to his waiver of a

jury trial, the trial court violated N.C. Gen. Stat. § 15A-1201(d)(1).

 However, we cannot agree with Defendant that “the trial court did not comply

with Section 15A-1201(d) at all.” (Emphasis added.) Nor do we agree with Defendant

that “the record does not reflect that [he] knowingly and voluntarily waived his right

to a jury trial because the court made no inquiry at all of him.” These contentions

are disingenuous and lack merit.

 The transcript very clearly refutes Defendant’s repeated assertions that the

trial court altogether failed to address him. For example, Defendant broadly

contends, without context or qualification, that “the trial court made no inquiry of

[him] to determine whether he wanted to give up his right to a jury trial or whether

he had been pressured or promised anything in exchange for doing so.” This is simply

not the case.

 Despite the trial court’s initial untimely and improper colloquy with defense

counsel, the court did eventually conduct the requisite waiver colloquy with

Defendant. When the trial court later addressed Defendant following the State’s

presentation of evidence, the court provided Defendant time to confer with his

attorney to discuss the consequences of his decision to waive a jury trial. Thereafter,

the trial court personally addressed Defendant and asked whether he waived his

right to a jury trial, explained the pending charge and potential consequences of

 - 12 -
 STATE V. HAMER

 Opinion of the Court

conviction, and confirmed that Defendant understood. At the conclusion of the

colloquy, Defendant stated that he felt “confident” that the procedures were

“acceptable.”

 “Neither N.C. Gen. Stat. § 15A-1201(d)(1) nor applicable case law has

established a script for the colloquy that should occur between a superior court judge

and a defendant seeking to exercise his right to waive a jury trial.” Rutledge, __ N.C.

App. at __, 832 S.E.2d at 748. Beyond that which is expressly prescribed by statute,

“[n]o . . . specific inquiries are required” for the trial court to determine whether the

defendant understands and appreciates the consequences of the decision to waive a

jury trial. Id. “This Court will not read such further specifications into law.” Id.

 Defendant correctly observes that in State v. Swink, 252 N.C. App. 218, 797

S.E.2d 330 (2017), this Court “considered the sufficiency of the trial court’s inquiry to

determine whether a defendant’s jury waiver was knowing and voluntary under our

amended Constitution.” By its own terms, however, Swink is inapposite here. At the

time that the Swink defendant made his waiver before the trial court, the General

Assembly had not yet “prescribed any specific procedures for waiver” of the right to

trial by jury. 252 N.C. App. at 224 n.2, 797 S.E.2d at 334 n.2. Thus, in evaluating

whether the trial court “conduct[ed] an adequate inquiry into whether he made a

knowing and voluntary waiver of his right” to a trial by jury, id. at 223, 797 S.E.2d

at 334, this Court “rel[ied] upon existing law in analogous situations to resolve th[e]

 - 13 -
 STATE V. HAMER

 Opinion of the Court

case, while acknowledging the limited scope of cases” to which its holding might

apply, id. at 224 n.2, 797 S.E.2d at 334 n.2.4 Unlike in Swink, in the present case, we

have the benefit of our General Assembly’s 2015 amendment to N.C. Gen. Stat. § 15A-

1201, which provided “further guidance on the waiver procedure[.]” Id.

 For the reasons explained above, we conclude that the trial court erred by

failing to conduct the statutorily mandated colloquy with Defendant before

consenting to his waiver of the right to trial by jury, in violation of N.C. Gen. Stat. §

15A-1201(d). We overrule the remainder of Defendant’s arguments concerning the

sufficiency of the trial court’s inquiry in determining whether his waiver was knowing

and voluntary.

 D. Prejudice

 Despite the trial court’s error, “a new trial does not necessarily follow a

violation of [a] statutory mandate. Defendants must show not only that a statutory

violation occurred, but also that they were prejudiced by this violation.” Rutledge, __

N.C. App. at __, 832 S.E.2d at 750 (citation omitted). In order to meet his burden of

demonstrating prejudice, Defendant must establish that “there is a reasonable

 4 For example, the Swink Court relied upon Fourth Circuit jurisprudence for guidance, noting
that “[f]ederal courts interpreting the United States Constitution similarly are required to find
whether a defendant’s waiver of his Sixth Amendment right to a trial by jury is knowing, voluntary,
and intelligent.” 252 N.C. App. at 224, 797 S.E.2d at 334 (citing United States v. Boynes, 515 F.3d 284,
286 (4th Cir. 2008)). But see Baldwin, 399 U.S. at 68-69, 26 L. Ed. 2d at 440 (distinguishing between
“serious crimes” and “petty offenses” for purposes of determining whether the Sixth Amendment right
to trial by jury applies).

 - 14 -
 STATE V. HAMER

 Opinion of the Court

possibility that, had the error in question not been committed, a different result

would have been reached at the trial out of which the appeal arises.” N.C. Gen. Stat.

§ 15A-1443(a).

 Here, Defendant asserts that, absent the trial court’s error in consenting to his

waiver and conducting a bench trial, “[t]here is a reasonable possibility that at least

one of twelve jurors would have had a reasonable doubt and voted to acquit” him of

speeding. We disagree.

 At trial, Defendant sought to impeach the testimony provided by the officers

who clocked his speed and issued his citation; he also challenged the State Highway

Patrol’s failure to retain video footage of the stop captured by the dashboard camera

in Trooper Dodson’s patrol vehicle. However, as the State noted in closing, Defendant

“took the stand and didn’t even contest the speed. The evidence is that he was

speeding. He admitted that he was driving.” Indeed, Defendant did not refute that

he was the driver of the car, or that he was speeding 94 miles per hour in a 65-mile-

per-hour zone, nor does he challenge these essential elements on appeal.

 Accordingly, Defendant fails to establish “a reasonable possibility that, had the

error in question not been committed, a different result would have been reached at”

a jury trial in this matter. N.C. Gen. Stat. § 15A-1443(a).

 Conclusion

 - 15 -
 STATE V. HAMER

 Opinion of the Court

 Despite the trial court’s initial noncompliance with N.C. Gen. Stat. § 15A-

1201’s waiver requirements, the trial court subsequently recognized its error and took

affirmative steps to correct it. Although untimely, the trial court’s subsequent

colloquy with Defendant satisfied the procedural requirements of subsection (d)(1).

In any case, Defendant is not entitled to relief, because he cannot meet his burden of

demonstrating prejudice pursuant to N.C. Gen. Stat. § 15A-1443(a).

 We therefore affirm the trial court’s judgment.

 AFFIRMED.

 Judge DIETZ concurs.

 Chief Judge McGEE dissents by separate opinion.

 - 16 -
 No. COA19-473 – State v. Hamer

 McGEE, Chief Judge, dissenting.

 I first note that although Defendant in this case was convicted of the “Class 3

misdemeanor” of “driv[ing] a vehicle on a highway at a speed that is . . . over 80 miles

per hour[,]” N.C.G.S. § 20-141(j1) (2019), and the consequences to Defendant in this

case are relatively minor, the precedent set will apply equally to a defendant charged

with a serious crime, so long as the State is not seeking the death penalty. Because

I believe the relevant requirements set forth in N.C.G.S. § 15A-1201 (2019) are

incorporated into the constitutional mandates of N.C. Const. art. I, § 24, I would hold

that the mid-trial colloquy between Defendant and the trial court was insufficient to

protect Defendant’s constitutional right to a jury trial as provided in art. I, § 24.

 Article I, § 24 of the North Carolina Constitution provides:

 No person shall be convicted of any crime but by the
 unanimous verdict of a jury in open court, except that a
 person accused of any criminal offense for which the State
 is not seeking a sentence of death in superior court may, in
 writing or on the record in the court and with the consent of
 the trial judge, waive jury trial, subject to procedures
 prescribed by the General Assembly.

N.C. Const. art. I, § 24 (2019) (emphasis added). By the plain language of art. I, § 24,

our constitution demands that “[n]o person shall be convicted of any crime but by the

unanimous verdict of a jury in open court” unless the waiver conditions of art. I, § 24

are met. Nothing in art. I, § 24 suggests any of the material requirements included

may be waived or that violations may be subjected to regular harmless error review.

If a defendant, the State, or the trial court, fails to adhere to all the required material
 STATE V. HAMER

 McGEE, C.J., dissenting

conditions set forth in art. I, § 24, the defendant’s attempt to waive the constitutional

right to a jury trial has failed, no waiver has occurred, the constitutional mandate

that the defendant may only be convicted by “the unanimous verdict of a jury in open

court” remains, and the defendant is in the same position as were defendants prior

to the 2014 and 2015 amendments of art. I, § 24 (the “amendments”). Therefore, I

believe precedent set prior to these amendments of art. I, § 24 is still binding in any

case where the defendant’s right to a jury trial has not been constitutionally waived—

whether by a defendant’s choice, or by any failure to adhere to the constitutional

“procedures” required by art. I, § 24, and set forth, in part, in N.C.G.S. § 15A-1201.

In this case, it is undisputed that Defendant’s trial had proceeded through the close

of the State’s evidence with no jury present, even though there had not been a

constitutionally sufficient waiver of Defendant’s right to a jury trial. Because

material requirements of N.C.G.S. § 15A-1201—and thus constitutional

requirements of art. I, § 24—had not been met, the trial court had not and,

constitutionally, could not, have consented to Defendant’s attempted waiver, either

prior to trial, or after the close of the State’s evidence. As a result, a large portion of

Defendant’s trial was conducted without any constitutionally constituted trier of fact.

I therefore dissent.

 I. Law of art. I, § 24 Prior to Amendment

 2
 STATE V. HAMER

 McGEE, C.J., dissenting

 Because I believe precedent created prior to the amendment of art. I, § 24

continues to apply to cases in which the defendant has not waived the right to a jury

trial pursuant to the constitutional requirements set forth in art. I, § 24, I review the

pre-amendment precedent. “There are few principles more vitally important to our

system of criminal justice than the right to trial by [a properly constituted] impartial

jury. The framers of [the North Carolina] Constitution highly valued the insulation

of justice from the power of government that results from trial by a jury of one’s

peers.” Cox v. Turlington, 648 F. Supp. 1553, 1555 (E.D.N.C. 1986) (citation omitted).

 Prior to the 2014 amendment, art. I, § 24 stated: “No person shall be convicted

of any crime but by the unanimous verdict of a jury in open court. The General

Assembly may, however, provide for other means of trial for misdemeanors, with the

right of appeal for trial de novo.” N.C. Const. art. I, § 24 (2013). As recognized by the

United States Supreme Court and our Supreme Court, the right to a “trial by jury in

criminal cases is fundamental to the American scheme of justice[.]” Duncan v. State

of La., 391 U.S. 145, 149, 20 L. Ed. 2d 491, 496 (1968). The right to a jury trial in

criminal cases “is among those ‘fundamental principles of liberty and justice which

lie at the base of all our civil and political institutions,’ . . . it is ‘basic in our system

of jurisprudence,’ and [] it is ‘a fundamental right, essential to a fair trial[.]’” Id. at

148–49, 20 L. Ed. 2d at 496 (citations and quotation marks omitted); State v. Ford,

281 N.C. 62, 66, 187 S.E.2d 741, 744 (1972). “‘We cannot presume a waiver of . . .

 3
 STATE V. HAMER

 McGEE, C.J., dissenting

important federal rights from a silent record. What is at stake for an accused facing

. . . imprisonment demands the utmost solicitude of which courts are capable in

canvassing the matter with the accused to make sure he has a full understanding of

what the plea connotes and of its consequence.’” Id.

 A. Only Twelve Jurors Make a Jury, No Waiver of Jury Trial

 Although not specifically required by the language of art. I, § 24, our Supreme

Court recognized additional constitutional requirements concerning art. I, § 24. The

fundamental rights guaranteed by art. I, § 24 have been long established:

 It is a fundamental principle of the common law, declared
 in Magna Charta and incorporated in our Declaration of
 Rights, that “(n)o person shall be convicted of any crime but
 by the unanimous verdict of a jury in open court.” N.C.
 Const., art. I, [§] 24 (1971).

 It is elementary that the jury provided by law for [ ] trial
 . . . [must be] composed of twelve persons; a less number is
 not a jury. It is equally rudimentary that a trial by jury in
 a criminal action cannot be waived by the accused in the
 Superior Court as long as his plea remains “not guilty.”

State v. Hudson, 280 N.C. 74, 79, 185 S.E.2d 189, 192 (1971) (citations omitted)

(emphasis added); State v. Poindexter, 353 N.C. 440, 443, 545 S.E.2d 414, 416 (2001)

(citations omitted) (“Article I, Section 24 of the North Carolina Constitution, which

guarantees the right to trial by jury, contemplates no more or no less than a jury of

twelve persons.”); State v. Norman, 276 N.C. 75, 79–80, 170 S.E.2d 923, 926 (1969)

(Unconstitutional violation of the right to a jury trial found in statute where “[t]he

 4
 STATE V. HAMER

 McGEE, C.J., dissenting

judge was authorized to pass upon the weight and sufficiency of the evidence, and if

it satisfied him beyond a reasonable doubt of the defendant’s guilt, he was authorized

to proceed to judgment and sentence upon the plea entered in like manner as upon a

conviction by a jury.”). The only exception was plainly set forth in art. I, § 24 itself:

“In this State, the only exception to the rule that ‘nothing can be a conviction but the

verdict of a jury’ is the constitutional authority granted the General Assembly to

provide for the initial trial of misdemeanors in inferior courts without a jury, with

trial de novo by a jury upon appeal. N.C. Const., art. I, [§] 24 (1971).” Hudson, 280

N.C. at 79, 185 S.E.2d at 192 (citation omitted).

 B. Properly Constituted Jury; the Same Twelve Jurors Must Decide Guilt or

 Innocence; Structural Error

 Prior to the amendments, unless a defendant pleaded guilty, only a properly

constituted jury of twelve jurors—all of whom had operated as the finders of fact for

the entire trial—could convict a defendant of a criminal offense in superior court.

Violation of the right that a verdict could only be rendered by a properly constituted

jury, consisting of the same twelve jurors, resulted in “structural error” requiring a

new trial. “Structural error is a rare form of constitutional error resulting from

structural defects in the constitution of the trial mechanism which are so serious that

a criminal trial cannot reliably serve its function as a vehicle for determination of

guilt or innocence.” State v. Thompson, 359 N.C. 77, 86, 604 S.E.2d 850, 860 (2004)

 5
 STATE V. HAMER

 McGEE, C.J., dissenting

(citations and quotation marks omitted). Conviction by an improperly constituted

jury did not require a showing of prejudice:

 A trial by a jury that is improperly constituted is so
 fundamentally flawed that the verdict cannot stand. In
 Bindyke, 288 N.C. at 627, 220 S.E.2d at 533, this Court
 held that a violation of a defendant’s constitutional right to
 have the verdict determined by twelve jurors constituted
 error per se. Accordingly, this case is not subject to
 harmless error analysis; and defendant is entitled to a new
 trial.

Poindexter, 353 N.C. at 444, 545 S.E.2d at 416 (citation omitted); State v. Bunning,

346 N.C. 253, 257, 485 S.E.2d 290, 292 (1997) (citation omitted) (“The State contends

that if there is error, we should apply a harmless error analysis. This we cannot do.

A trial by a jury which is improperly constituted is so fundamentally flawed that the

verdict cannot stand.”).

 However, this Court noted that precedent of our Supreme Court

 demonstrate[ed] that a violation of Article I, Section 24
 require[ed] automatic reversal only where a jury was
 “improperly constituted” in terms of its numerical
 composition. In other words, where the verdict was
 rendered by a jury of less than twelve fully-participating
 jurors, as in Hudson, Bunning, and Poindexter, the verdict
 is a nullity. However, Ashe demonstrates that a violation
 of Article I, Section 24 is subject to harmless error review
 where the error did not affect the numerical structure of
 the jury, but rather resulted in jurors acting on unequal
 instructions from the trial court in reaching a verdict.

State v. Wilson, 192 N.C. App. 359, 368-69, 665 S.E.2d 751, 756 (2008). If a violation

of art. I, § 24 did not result from an “improperly constituted” jury, constitutional

 6
 STATE V. HAMER

 McGEE, C.J., dissenting

harmless error analysis applied—this Court could “sustain the defendant’s conviction

only if the State prove[d] beyond a reasonable doubt that the error in the defendant’s

case was harmless.” Id. at 369, 665 S.E.2d at 756 (citations omitted).

 Further, it was the duty of this Court to ensure a defendant’s right to a trial

by jury, as required by art. I, § 24 and related precedent, was not violated, ex mero

motu if needed:

 Although defendant has not assigned it as error, and the
 Attorney General has ignored it, we must, ex mero motu,
 take notice of a fatal defect appearing upon the face of the
 record. Between the conclusion of the evidence and the
 judge’s charge to the jury, a juror became ill and had to be
 excused. Whereupon, defendant and his trial counsel, . . .
 “waived trial by twelve.” They agreed that the eleven
 remaining jurors might pass upon defendant’s guilt or
 innocence and that defendant would be bound by their
 verdict. The trial then proceeded with eleven jurors who
 “returned a verdict of guilty as charged.”

Hudson, 280 N.C. at 78, 185 S.E.2d at 192 (overturning the defendant’s assault with

intent to commit rape conviction). Our Supreme Court concluded: “The verdict in this

cause is . . . a nullity despite defendant’s failure to assign his conviction by eleven

jurors as error. If imprisoned under the sentence imposed defendant would be

entitled to his release upon a writ of habeas corpus[.]” Id. at 80, 185 S.E.2d at 193;

see also State v. Garcia, 358 N.C. 382, 409, 597 S.E.2d 724, 744 (2004) (a “defendant’s

remedy for structural error is not dependent upon harmless error analysis; rather,

such errors are reversible per se”); id. (citation omitted) (“‘[t]he very premise of

 7
 STATE V. HAMER

 McGEE, C.J., dissenting

structural-error review is that even convictions reflecting the “right” result are

reversed for the sake of protecting a basic right’”).

 The General Assembly enacted N.C.G.S. § 15A-1201 in 1977, as a statutory

recognition of art. I, § 24. Prior to the amendments, N.C.G.S. § 15A-1201 stated:

 In all criminal cases the defendant has the right to be tried
 by a jury of 12 whose verdict must be unanimous. In the
 district court the judge is the finder of fact in criminal
 cases, but the defendant has the right to appeal for trial de
 novo in superior court as provided in G.S. 15A-1431. In
 superior court all criminal trials in which the defendant
 enters a plea of not guilty must be tried before a jury.

N.C.G.S. § 15A-1201 (2013) (emphasis added). Because of a defendants’ art. I, § 24

right to a jury trial for all criminal charges in superior court, prior to the amendments

a judge in superior court could never assume the functions of a jury without violating

art. I, § 24 and committing structural error. State v. Boderick, 258 N.C. App. 516,

523, 812 S.E.2d 889, 894 (2018) (citation omitted) (Under “the pre-amendment

version of Article I, Section 24 . . . the defendant [could] not be convicted ‘but by the

unanimous verdict of a jury[.]’ N.C. Const. art. I, § 24 (2014). This [wa]s the case

despite the defendant’s and the State’s attempt to stipulate otherwise.”).

 B. Amendments to Art. I, § 24 and N.C.G.S. § 15A-1201

 1. Art. I, § 24

 The 2014 amendment of art. I, § 24 carved out a single exception to this

principle to permit a bench trial pursuant to a defendant’s properly executed waiver

 8
 STATE V. HAMER

 McGEE, C.J., dissenting

of the right to a jury trial, but only if the trial court properly “consents” to the waiver.

Absent a properly executed and accepted waiver of the right, I believe the pre-

amendment precedents and supporting reasoning, including those cited above, are

still controlling law. As amended, art. I, § 24 now states:

 No person shall be convicted of any crime but by the
 unanimous verdict of a jury in open court, except that a
 person accused of any criminal offense for which the State
 is not seeking a sentence of death in superior court may, in
 writing or on the record in the court and with the consent
 of the trial judge, waive jury trial, subject to procedures
 prescribed by the General Assembly. The General
 Assembly may, however, provide for other means of trial
 for misdemeanors, with the right of appeal for trial de novo.

N.C. Const. art. I, § 24 (2019) (emphasis added).

 2. 2014 Amendment of N.C.G.S. § 15A-1201

 As noted in the majority opinion, congruent with the passage of the

constitutional amendment of art. I, § 24, the General Assembly enacted the additional

constitutional “procedures” for waiver of a jury trial under art. I, § 24, effective 1

December 2014. See 2013 N.C. Sess. Laws 300, §§ 4 and 5; N.C.G.S. §§ 15A-1201(a)

and (b) (2014). The 2014 legislation set the following “procedures” for waiver of a jury

trial as required by art. I, § 24, adding the underlined portion of subsection (a) and

all of subsection (b):

 (a) In all criminal cases the defendant has the right to be
 tried by a jury of 12 whose verdict must be unanimous. In
 the district court the judge is the finder of fact in criminal
 cases, but the defendant has the right to appeal for trial de

 9
 STATE V. HAMER

 McGEE, C.J., dissenting

 novo in superior court as provided in G.S. 15A-1431. In
 superior court all criminal trials in which the defendant
 enters a plea of not guilty must be tried before a jury,
 unless the defendant waives the right to a jury trial, as
 provided in subsection (b) of this section.

 (b) A defendant accused of any criminal offense for which
 the State is not seeking a sentence of death in superior
 court may, knowingly and voluntarily, in writing or on the
 record in the court and with the consent of the trial judge,
 waive the right to trial by jury. When a defendant waives
 the right to trial by jury under this section, the jury is
 dispensed with as provided by law, and the whole matter
 of law and fact shall be heard and judgment given by the
 court.

N.C.G.S. § 15A-1201 (effective 1 December 2014 to 30 September 2015) (emphasis

added). N.C.G.S. § 15A-1201(a) states the constitutional requirement that all

criminal charges must be decided by a jury trial, and the common law interpretation

that the jury must consist of twelve jurors, but added the conditional right of a

defendant to waive trial by jury, so long as all the requirements set forth in subsection

(b) and art. I, § 24 are met.5

 In response to the 2014 amendment of art. I, § 24, N.C.G.S. § 15A-1201(b) was

added to set forth constitutionally required “procedures” for waiver of a jury trial: (1)

the defendant’s waiver must be in writing or be made in the trial court, and on the

record, N.C. Const. art. I, § 24; and (2) the same trial judge must consent to waiver

and agree to conduct the entire trial as the trier of fact. Id. In addition to these

 5 The later amendments to N.C.G.S. § 15A-1201, discussed below, did not alter sections (a) and
(b). See 2015 N.C. Sess. Laws 289, § 1, eff. Oct. 1, 2015.

 10
 STATE V. HAMER

 McGEE, C.J., dissenting

requirements contained in the language of art. I, § 24, N.C.G.S. § 15A-1201(b) added

the common law constitutional requirements: (1) the defendant’s waiver must be

“knowingly and voluntarily” made, which is a determination for the trial court, and

(2) “the whole matter of law and fact, to include all factors referred to in N.C.G.S. §

20-179 and subsections (a1) and (a3) of N.C.G.S. § 15A-1340.16 [sentencing factors],

shall be heard and judgment given by the court.” N.C.G.S. § 15A-1201(b) (emphasis

added).6

 The 2014 amendment of N.C.G.S. § 15A-1201 left to the discretion of the trial

court, guided by relevant precedent, the specific procedures necessary to ensure a

defendant’s waiver of the right to a jury trial was “knowing and voluntary,” and that

it was “in writing or on the record in the court”—as well as, of course, the requirement

that the trial court “consent” to the waiver request. It is clear that a statute has to

be construed, if possible, to include all constitutional requirements, even if they are

not expressly included in the statute. See State v. Summrell, 282 N.C. 157, 167, 168,

192 S.E.2d 569, 575, 576 (1972), overruled on other grounds by State v. Barnes, 324

N.C. 539, 380 S.E.2d 118 (1989).

 Therefore, under the amended version of art. I, § 24, there are two potential

“properly constituted” finders of fact: (1) a single trial judge, but only if the defendant

 6 The requirement that the same judge, acting as trier of fact, preside over all material stages
of a defendant’s trial is, I believe, based upon the same constitutional principles requiring the same
twelve jurors be present at all material stages of a trial, excluding voir dire examinations and certain
other matters of law.

 11
 STATE V. HAMER

 McGEE, C.J., dissenting

has waived the right to a jury trial pursuant to the requirements of art. I, § 24, and

the trial court has properly “consented” to the waiver; and (2) a properly constituted

jury, which is required in every case (a.) where the defendant has not requested

waiver of the right; (b.) where the defendant has not properly requested waiver of the

right as required by art. I, § 24 and N.C.G.S. § 15A-1201; or (c.) where the trial court

has not properly “consented” to a defendant’s conforming request for waiver pursuant

to art. I, § 24 and N.C.G.S. § 15A-1201. N.C. Const. art. I, § 24; N.C.G.S. § 15A-1201.

Whether a jury or the trial court acts as the trier of fact, it must be “properly

constituted,” and the same trier of fact must act in that capacity for all necessary

stages of a trial. See Boderick, 258 N.C. App. at 524, 812 S.E.2d at 895 (citations

omitted) (“Where the error under the previous version of Article I, Section 24 involves

a verdict that was rendered by an ‘improperly constituted’ fact-finder—or in other

words, anything less [or more] than twelve unanimous jurors—the error is said to be

structural and automatic reversal is mandated.”).

 3. 2015 Amendment of N.C.G.S. § 15A-1201

 The General Assembly again amended N.C.G.S. § 15A-1201 in 2015, adding

sections (c) through (f) to the statute, to include more specific “procedures” as required

by [] art. I, § 24. 2015 N.C. Sess. Laws 289, § 1, eff. Oct. 1, 2015; see also Boderick,

258 N.C. App. at 523, 812 S.E.2d at 894 (“the purpose of the statutory amendment

was to supplement § 15A-1201 with additional procedures for a defendant’s waiver of

 12
 STATE V. HAMER

 McGEE, C.J., dissenting

his right to trial by jury”). The following, more specific, procedures were added to

N.C.G.S. § 15A-1201 by the 2015 amendment:

 (c) A defendant seeking to waive the right to trial by jury
 under subsection (b) of this section shall give notice of
 intent to waive a jury trial by any of the following methods:

 (1) Stipulation, which may be conditioned on each
 party’s consent to the trial judge, signed by both the
 State and the defendant and served on the counsel for
 any co-defendants.

 (2) Filing a written notice of intent to waive a jury trial
 with the court and serving on the State and counsel for
 any co-defendants within the earliest of (i) 10 working
 days after arraignment, (ii) 10 working days after
 service of a calendar setting under G.S. 7A-49.4(b), or
 (iii) 10 working days after the setting of a definite trial
 date under G.S. 7A-49.4(c).

 (3) Giving notice of intent to waive a jury trial on the
 record in open court by the earlier of (i) the time of
 arraignment or (ii) the calling of the calendar under
 G.S. 7A-49.4(b) or G.S. 7A-49.4(c).

 (d) Judicial Consent to Jury Waiver.—Upon notice of
 waiver by the defense pursuant to subsection (c) of this
 section, the State shall schedule the matter to be heard in
 open court to determine whether the judge agrees to hear
 the case without a jury. The decision to grant or deny the
 defendant’s request for a bench trial shall be made by the
 judge who will actually preside over the trial. Before
 consenting to a defendant’s waiver of the right to a trial by
 jury, the trial judge shall do all of the following:

 (1) Address the defendant personally and determine
 whether the defendant fully understands and
 appreciates the consequences of the defendant's
 decision to waive the right to trial by jury.

 13
 STATE V. HAMER

 McGEE, C.J., dissenting

 (2) Determine whether the State objects to the waiver
 and, if so, why. Consider the arguments presented by
 both the State and the defendant regarding the
 defendant’s waiver of a jury trial.

 (e) Revocation of Waiver.—Once waiver of a jury trial has
 been made and consented to by the trial judge pursuant to
 subsection (d) of this section, the defendant may revoke the
 waiver one time as of right within 10 business days of the
 defendant’s initial notice pursuant to subsection (c) of this
 section if the defendant does so in open court with the State
 present or in writing to both the State and the judge. In all
 other circumstances, the defendant may only revoke the
 waiver of trial by jury upon the trial judge finding the
 revocation would not cause unreasonable hardship or delay
 to the State. Once a revocation has been granted pursuant
 to this subsection, the decision is final and binding.

N.C.G.S. § 15A-1201 (some emphasis added). None of these procedures contemplate

a defendant giving notice of waiver, or a trial court consenting to waiver, after trial

has commenced. Subsection (e) allows a defendant a single opportunity to withdraw

the defendant’s waiver as a matter of right and have the charges determined by a

jury. If, under subsection (e), a defendant withdraws a properly “consented to” waiver

of the right to a jury trial, the defendant cannot “be convicted of [the charges] but by

the unanimous verdict of a jury in open court.” N.C. Const. art. I, § 24.

 C. Statutory and Constitutional Requirements After the Amendments

 Even though the amendments created an exception, by the defendant’s choice,

to the requirement that all criminal trials in superior court must be tried by a jury, a

defendant’s right to waive the fundamental right to a jury trial is strictly limited by

 14
 STATE V. HAMER

 McGEE, C.J., dissenting

the “procedures” required by art. I, § 24. Further, the ultimate decision is not the

defendant’s—it is the duty of the trial court to ensure the defendant’s requested

waiver will not violate the defendant’s rights, nor cause unnecessary burdens on the

judicial process.

 1. The Right to a Jury Trial Remains a Fundamental Constitutional Right

 Art. I, § 24 mandates: “No person shall be convicted of any crime but by the

unanimous verdict of a jury in open court[.]” N.C. Const. art. I, § 24. Even after the

amendments, if a defendant desires a jury trial in superior court, the defendant does

not have to do anything to retain that right. A defendant’s constitutional right to a

jury trial in superior court exists before any action is taken by the State, and attaches

the moment the State commences any criminal action against the defendant.

Conformity with the material “procedures” “prescribed by the General Assembly” is

just as much a requirement for the constitutional waiver of the right to a jury trial as

the “consent of the trial judge” to a defendant’s waiver request. N.C. Const. art. I, §

24. Those “procedures” are codified in N.C.G.S. § 15A-1201. It is the trial court’s

duty to reject a defendant’s request to waive a jury trial if the trial court is not

convinced the defendant’s request has been made “knowingly and voluntarily,” and

otherwise in accordance with art. I, § 24 and N.C.G.S. § 15A-1201. State v. Swink,

252 N.C. App. 218, 224, 797 S.E.2d 330, 334, appeal dismissed and disc. review

denied, 369 N.C. 754, 799 S.E.2d 870 (2017). Therefore, while the defendant’s right

 15
 STATE V. HAMER

 McGEE, C.J., dissenting

to a jury trial is an inviolable constitutional right, unless the trial court properly

“consents” to the defendant’s properly executed request to waive the right, the

defendant’s “right” to waive a jury trial is not a constitutional right—it is a

conditional exception to the constitutional right to a jury trial. A defendant’s

conforming request for waiver is ultimately either granted or denied by the

discretionary ruling of the trial judge. This Court also has the duty, ex mero motu if

necessary, to ensure a defendant’s right to a jury trial has not been violated. Hudson,

280 N.C. at 78, 185 S.E.2d at 192. This Court has no such duty to ensure a

defendant’s “right” to waive a jury trial has not been violated, because the “right” to

a bench trial is not a fundamental constitutional right, it is a restricted “right” that

may only be “consented to” by the trial court if the constitutional and statutory

requirements for waiver have been met.

 2. Prejudice

 It is true that some errors are so minor or unlikely to be prejudicial that they

are deemed “technical violations,” and may not warrant review under constitutional

standards. However, the mere fact that this Court finds an error is based upon a

statutory violation does not mean the statutory violation cannot also constitute a

violation of art. I, § 24, or any other constitutional right, and potentially constitute

structural error requiring reversal per se. See Thompson, 359 N.C. at 87, 604 S.E.2d

at 860; State v. Bozeman, 115 N.C. App. 658, 661-62, 446 S.E.2d 140, 142-43 (1994)

 16
 STATE V. HAMER

 McGEE, C.J., dissenting

(holding violation of N.C.G.S. § 15A-1022 was both a statutory and constitutional

violation, requiring the State to prove the defendant was not prejudiced). As a

general matter, when a defendant shows that a constitutionally mandated statutory

requirement has been violated, the heightened review applied to constitutional

violations is applied. N.C.G.S. § 15A-1443(b) (2019) (“A violation of the defendant’s

rights under the Constitution of the United States is prejudicial unless the appellate

court finds that it was harmless beyond a reasonable doubt. The burden is upon the

State to demonstrate, beyond a reasonable doubt, that the error was harmless.”).

However, if the “constitutional violation necessarily rendered the criminal trial

fundamentally unfair or unreliable as a vehicle for determining guilt or innocence[,]”

such as a violation of the right to a jury trial decided by the same twelve jurors, the

error is deemed structural, and reversal is required without any additional prejudice

review. See Garcia, 358 N.C. at 410, 597 S.E.2d at 745 (citations omitted); N.C.G.S.

§ 15A-1443(a) (“Prejudice also exists in any instance in which it is deemed to exist as

a matter of law or error is deemed reversible per se.”); but see State v. Rutledge, __

N.C. App. __, __, 832 S.E.2d 745, 748 (2019) (citations omitted) (“N.C. Gen. Stat. §

15A-1201(d)(1) requires the trial court to: ‘[a]ddress the defendant personally and

determine whether the defendant fully understands and appreciates the

consequences of the defendant’s decision to waive the right to trial by jury.’ No other

specific inquiries are required in the statute to make the determination of

 17
 STATE V. HAMER

 McGEE, C.J., dissenting

Defendant’s understanding and appreciation of the consequences ‘to waive his trial

by jury.’ This Court will not read such further specifications into law.”).7

 II. Defendant’s Attempted Waiver

 The first statutory requirement for a constitutional waiver of a defendant’s

right to a jury trial under art. I, § 24 is proper notice of the defendant’s intention to

waive that right, as required by N.C.G.S. § 15A-1201(c). This requirement not only

protects the State’s right to timely notice of the defendant’s request, it also protects

the defendant’s right to fully consider the consequences of waiver of the right before

the trial court conducts a hearing in which it may accept the defendant’s waiver, and

ultimately bind the defendant to a trial without a jury.

 The General Assembly’s intent to provide defendants with a period of time to

consider the serious consequences of waiver even after notice has been given is

evidenced in N.C.G.S. § 15A-1201(e): “Once waiver of a jury trial has been made and

consented to by the trial judge pursuant to subsection (d) of this section, the

defendant may revoke the waiver one time as of right within 10 business days of the

defendant’s initial notice[.]” N.C.G.S. § 15A-1201(e). The record before us does not

indicate when or if Defendant was arraigned prior to trial; whether Defendant waived

arraignment in superior court; when Defendant’s trial date was set; when the District

 7 The analysis in Rutledge does not consider that a statute allowing waiver of a constitutional
right must, if possible, be read to include all elements required to constitutionally waive that right
when any of these factors are not expressly included in the language of the statute. See State v.
Strickland, 27 N.C. App. 40, 42–3, 217 S.E.2d 758, 760 (1975).

 18
 STATE V. HAMER

 McGEE, C.J., dissenting

Attorney calendared Defendant’s case; or the exact time the calling of the calendar

occurred. This Court could, and possibly should, locate and take judicial notice of any

relevant documents or other evidence in the lower court’s files in order to determine

whether Defendant properly gave notice pursuant to any of the three methods set

forth in N.C.G.S. § 15A-1201(c). Hudson, 280 N.C. at 78, 185 S.E.2d at 192 (we must,

ex mero motu, take notice of a fatal defect appearing upon the face of the record); but

see State v. Monk, 132 N.C. App. 248, 254, 511 S.E.2d 332, 336 (1999) (citation

omitted) (because “defendant failed to include in the record on appeal copies of the

[necessary documents] . . ., . . . this Court [is prevented] from . . . effective review”).

However, because this Court has not taken judicial notice of these events, I proceed

on the record before us.

 There are three options for notice of a defendant’s intent to waive a jury trial,

requirements precedent, set forth in N.C.G.S. § 15A-1201(c), at least one of which

must be met before the trial court can conduct a hearing and make its discretionary

decision to either grant or deny the defendant’s request for waiver of the right to a

jury trial. Because I do not believe, based on the record before us, that Defendant

complied with any of these constitutional requirements, I would reverse and remand

for a new trial.

 A. N.C.G.S. § 15A-1201(c)(1) – Stipulation

 19
 STATE V. HAMER

 McGEE, C.J., dissenting

 N.C.G.S. § 15A-1201(c)(1) allows notice by “[s]tipulation, which may be

conditioned on each party’s consent to the trial judge, signed by both the State and

the defendant and served on the counsel for any co-defendants.” N.C.G.S. § 15A-

1201(c)(1). The use of the word “may” suggests judicial discretion. N.C.G.S. § 15A-

1201(c)(1). Although this subsection does not include any specific time

requirements,8 I read this subsection as requiring the stipulation be “signed by both

the State and the defendant and served on the counsel for any co-defendants.” The

plain language of this section suggests the discretion of the trial court is limited to

whether it will require the defendant and the State to verbally express their consent

to stipulation in open court—the trial court could choose to rely on the stipulation,

signed by the defendant and the State, as conforming notice of the defendant’s intent

to waive a jury trial. Id. In order to ensure a proper record, filing a notice by

stipulation would seem the best practice. At a minimum, the record should show that

the defendant and the State timely executed a stipulation of the defendant’s intent

to waive a jury trial, signed by the defendant and the State, that was accepted by the

trial court prior to conducting the “open court” hearing required by N.C.G.S. § 15A-

1201(d).

 In this case, although the State indicated in open court that Defendant had

notified the State of Defendant’s intent to waive, and that the State consented to a

 8 Therefore, waiver by stipulation at trial is not specifically precluded by the language of
N.C.G.S. § 15A-1201(c)(1).

 20
 STATE V. HAMER

 McGEE, C.J., dissenting

bench trial, there is no record evidence that a written stipulation was actually entered

into, much less a stipulation signed by Defendant and the State. Therefore, on the

record before us, I do not believe this Court can find that Defendant gave proper

notice of his intent to waive his right to a jury trial by stipulation under N.C.G.S. §

15A-1201(c)(1).

 B. N.C.G.S. § 15A-1201(c)(2) – Filing Written Notice

 Subsection (c)(2) requires a defendant to “[f]il[e] a written notice of intent to

waive a jury trial with the court and serv[e the written notice] on the State and

counsel for any co-defendants[.]” N.C.G.S. § 15A-1201(c)(2). Unlike stipulation,

section (c)(2) does not require the consent of the State. Defendant must serve the

written notice “on the State and counsel for any co-defendants within the earliest of

(i) 10 working days after arraignment, (ii) 10 working days after service of a calendar

setting under G.S. 7A-49.4(b), or (iii) 10 working days after the setting of a definite

trial date under G.S. 7A-49.4(c).” Id. Although the pretrial discussion in the

transcript in this case implies the existence of some form of written notice, there is

no record evidence Defendant executed any document indicating his intent to waive

his right to a jury trial, much less a “written notice of intent to waive a jury trial”

filed with the clerk of superior court. Id. Therefore, on the record before us, I also do

not believe this Court can find that Defendant gave proper notice of his intent to

 21
 STATE V. HAMER

 McGEE, C.J., dissenting

waive his right to a jury trial by filing written notice pursuant to N.C.G.S. § 15A-

1201(c)(2).

 C. N.C.G.S. § 15A-1201(c)(3) – Oral Notice in Open Court

 The majority opinion recognizes that “it is unclear how Defendant first

provided notice of his intent to waive his right to a jury trial pursuant to N.C. Gen.

Stat. § 15A-1201(c).” However, because it does not further address N.C.G.S. § 15A-

1201(c), and focuses its analysis exclusively on N.C.G.S. § 15A-1201(d), the majority

opinion apparently determines the notice provisions of N.C.G.S. § 15A-1201(c) were

met in this case. Pursuant to N.C.G.S. § 15A-1201(c), oral “notice of intent to waive

a jury trial on the record in open court” must be given “by the earlier of (i) the time of

arraignment or (ii) the calling of the calendar under G.S. 7A-49.4(b)[.]” N.C.G.S. §

15A-1201(c)(3) (emphasis added). Defendant was issued a citation on 12 January

2018 for violation of N.C.G.S. § 20-141(j1), driving over 80 miles per hour, a Class 3

misdemeanor, and for violation of N.C.G.S. § 20-140, reckless driving, a Class 2

misdemeanor. At Defendant’s district court trial, the State voluntarily dismissed the

reckless driving charge, but Defendant was found guilty of the speeding charge on 26

July 2018.9

 9 There is conflicting evidence in the record concerning whether Defendant pleaded guilty to
the speeding misdemeanor in district court or was convicted after a bench trial.

 22
 STATE V. HAMER

 McGEE, C.J., dissenting

 From the transcript, it appears the trial judge had not been involved in

Defendant’s case prior to the trial in superior court. The State informed the trial

court:

 [THE STATE]: Your Honor, whenever you are ready, we
 can address Mr. Demon Hamer, which is margin nine. He
 is charged with speeding 94 in a 65 and reckless driving.

 THE COURT: All right. So this is a bench trial; correct?

 [THE STATE]: Yes, sir. And I understand it –

 [DEFENDANT’S COUNSEL]: Yes, Your Honor.

 ....

 THE COURT: Okay. So first of all, just technically, the
 defendant is waiving a jury trial?

 [DEFENDANT’S COUNSEL]: That’s correct, Your Honor.

 THE COURT: Okay. And I presume that there is a
 statute that allows that?

 [DEFENDANT’S COUNSEL]: That is correct, Your Honor.
 We have – the State and I have – the State has consented.
 We have – there is no disagreement about the bench trial.

 THE COURT: Is it the same statute that says that Class I
 felonies can be waived? Is it under that same statute?

 [DEFENDANT’S COUNSEL]: If I’m not mistaken, Your
 Honor –

 THE COURT: I know that one requires the consent of the
 State.

 ....

 23
 STATE V. HAMER

 McGEE, C.J., dissenting

 [THE STATE]: Your Honor, I believe it’s controlled by 15A-
 1201 –

 THE COURT: Okay. Which does allow waiver of trial in a
 misdemeanor?

 [THE STATE]: That’s correct, Your Honor.

 ....

 [DEFENDANT’S COUNSEL]: It’s 15A-1201 subsection (b).

 THE COURT: Thank you, sir. So just as a technical
 matter, this is a – so that [Defendant’s Counsels purported
 request to waive Defendant’s right to a jury trial] – that’s
 accepted by the Court under that statute since the State
 consents.

 “Arraignment consists of bringing a defendant in open court or . . . [via “audio

and video transmission,” N.C.G.S. § 15A-941(b),] before a judge having jurisdiction to

try the offense, advising [the defendant] of the charges pending against him, and

directing him to plead.” N.C.G.S. § 15A-941(a) (2019). A defendant would normally

be arraigned at an administrative hearing or at other some other pretrial appearance

“in open court[.]” N.C.G.S. § 15A-941(a). However, a formal arraignment is only

required if the defendant files a timely “written request with the clerk of superior

court[.]” N.C.G.S. § 15A-941(d). “If the defendant does not file a written request for

arraignment, then the [trial] court shall enter a not guilty plea on behalf of the

defendant.” Id. The record in this case does not indicate whether Defendant timely

requested a formal arraignment; if so, whether and when formal arraignment

 24
 STATE V. HAMER

 McGEE, C.J., dissenting

occurred; if not, whether and when the trial court “enter[ed] a not guilty plea on

behalf of the defendant.” Id. As a general matter, the lack of evidence in the record

demonstrating Defendant was arraigned prior to trial does not, on its own,

necessarily demonstrate error, or any prejudicial error. State v. McCotter, 288 N.C.

227, 234–35, 217 S.E.2d 525, 530 (1975). In this case, however, this lack of record

evidence prevents this Court from determining the point during Defendant’s criminal

proceedings after which Defendant was prohibited by N.C.G.S. § 15A-1201 from

requesting waiver of a jury trial.

 Based only on the record before this Court, the first evidence that Defendant

was advised of the potential consequences he faced if convicted of the speeding charge

was during his trial, after the close of the State’s evidence, when the trial court asked

Defendant:

 [THE COURT]: [Y]ou understand that the State has dismissed
 the careless and reckless driving. The only allegation against you
 is the speeding, and that is a Class III misdemeanor. It does carry
 a possible fine. And under certain circumstances it does carry
 possibility of a 20-day jail sentence. Do you understand that?

 DEFENDANT: Yes, sir.

 “Criminal cases in superior court shall be calendared by the district attorney

at administrative settings according to a criminal case docketing plan developed by

the district attorney for each superior court district[.]” N.C.G.S. § 7A-49.4(a) (2019);

but see Simeon v. Hardin, 339 N.C. 358, 376, 451 S.E.2d 858, 870 (1994) (even though

 25
 STATE V. HAMER

 McGEE, C.J., dissenting

the statute gives the district attorney the authority to calendar cases for trial, the

trial court has the ultimate authority over managing the trial calendar). Further,

pursuant to § 7A-49.4(f):

 Order of Trial. – The district attorney, after calling the
 calendar and determining cases for pleas and other
 disposition, shall announce to the court the order in which
 the district attorney intends to call for trial the cases
 remaining on the calendar.

N.C.G.S. § 7A-49.4(f). That Defendant’s trial was calendared, and the calendar was

called, is evident by the fact that Defendant was tried and convicted. Absent evidence

to the contrary, our Court presumes that Defendant’s case was calendared, and that

the calendar was called before any of the calendared cases were brought to trial.

“‘Where the record is silent on a particular point, the action of the trial court will be

presumed correct.’” State v. Ali, 329 N.C. 394, 412, 407 S.E.2d 183, 194 (1991)

(citation omitted).

 Therefore, if Defendant was arraigned prior to trial, he was required to give

notice of his intent to waive a jury trial at or before his arraignment. N.C.G.S. § 15A-

1201(c)(3). If Defendant was not arraigned prior to trial, Defendant was required to

give notice of his intent to waive in open court no later than “the calling of the

calendar under G.S. 7A-49.4(b)[,]” because the calling of the calendar would be the

“earlier” event pursuant to § 15A-1201(c)(3). N.C.G.S. § 15A-1201(c)(3) (emphasis

added) (a defendant must give oral “notice of intent to waive a jury trial on the record

 26
 STATE V. HAMER

 McGEE, C.J., dissenting

in open court by the earlier of (i) the time of arraignment or (ii) the calling of the

calendar under G.S. 7A-49.4(b) or G.S. 7A-49.4(c)”). There is not a method by which

a defendant can first request waiver of the right to a jury trial at trial, and comport

with the constitutional waiver requirements of N.C.G.S. § 15A-1201(c), as the trial

can only occur after the calling of the calendar, which, pursuant to N.C.G.S. § 15A-

1201(c)(3), is the latest a defendant could possibly give notice of intent to waive.

N.C.G.S. § 15A-1201(c)(3). Because, on the record evidence in this case, Defendant’s

purported oral notice of his intent to waive a jury trial was given, if at all, after the

calling of the calendar, it was untimely pursuant to N.C.G.S. § 15A-1201(c)(3), and

Defendant’s request should not have been considered by the trial court. Id.

 “A defendant seeking to waive the right to trial by jury under subsection (b) of

this section shall give notice of intent to waive a jury trial by” one of the “methods”

set forth in subsections (c)(1), (c)(2), or (c)(3). N.C.G.S. § 15A-1201(c)(3). There is no

record evidence that Defendant gave notice of his intent to waive a jury trial by any

of the accepted methods set forth in N.C.G.S. § 15A-1201(c)(3). The majority opinion

acknowledges that “it is unclear how Defendant first provided notice of his intent to

waive his right to a jury trial pursuant to N.C. Gen. Stat. § 15A-1201(c)[,]” but it does

not appear to find any error, including constitutional error, despite the lack of record

evidence that Defendant provided any constitutionally sufficient notice of his intent

to waive his fundamental right to a jury trial. N.C.G.S. § 15A-1201(c)(3).

 27
 STATE V. HAMER

 McGEE, C.J., dissenting

 D. N.C.G.S. § 15A-1201(d)—Judicial Consent to Waiver

 Absent proper notice of Defendant’s intent to waive a jury trial, I do not believe

the trial court could constitutionally “consent” to the requested waiver. I believe

Defendant’s deficient request for a bench trial should have been denied by the trial

court, and I would hold that allowing Defendant’s trial to proceed as a bench trial

constituted a denial of Defendant’s right to a jury trial and, therefore, structural

error.

 N.C.G.S. § 15A-1201(d) states in part:

 Upon notice of waiver by the defense pursuant to subsection
 (c) of this section, the State shall schedule the matter to be
 heard in open court to determine whether the judge agrees
 to hear the case without a jury. The decision to grant or
 deny the defendant’s request for a bench trial shall be made
 by the judge who will actually preside over the trial.

N.C.G.S. § 15A-1201(d) (emphasis added). This subsection first requires that any

notice of intent to waive must be made “pursuant to subsection (c)[.]” Therefore,

Defendant’s notice of intent to waive a jury trial in this case was invalid because it

was not given “pursuant to subsection (c)[.]” Id. Defendant’s request to waive should

have been denied for this reason alone. N.C.G.S. § 15A-1201(d). Subsection (d) also

requires the State to schedule a hearing so that, prior to the trial, the trial judge that

will later preside over the trial can properly “determine whether th[at] judge agrees

to hear the case without a jury[.]” Id.

 Subsection (d)(1) also requires that the trial court:

 28
 STATE V. HAMER

 McGEE, C.J., dissenting

 Address the defendant personally and determine whether
 the defendant fully understands and appreciates the
 consequences of the defendant’s decision to waive the right
 to trial by jury.

N.C.G.S. § 15A-1201(d)(1). Based on the record before us, I agree with the majority

opinion “that the trial court erred by failing to conduct the statutorily mandated

colloquy with Defendant before consenting to his waiver of the right to trial by jury,

in violation of N.C. Gen. Stat. § 15A-1201(d).”

 The State presented its case and rested. Defendant’s counsel stated that he

did not have any motions for the record at that point but asked the trial court “to take

judicial notice and for me to be heard” concerning “some evidence.” The trial court

then interrupted the trial:

 THE COURT: Okay. Hold on just one second. And we will
 do that. I was just reading . . . 15A-1201, we complied
 completely with that statute with the exception of the fact
 that I’m supposed to personally address the defendant and
 ask if he waives a jury trial and understands the
 consequences of that. Would you just explain that to your
 client.

 (Pause in proceedings while [Defendant’s attorney]
 consulted with the defendant.)

 [DEFENDANT’S ATTORNEY]: Okay, Your Honor.

 ....

 THE COURT: Mr. Hamer, I just have to comply with the
 law and ask you a couple of questions. That statute allows
 you to waive a jury trial. That’s 15A-1201. Your [attorney]

 29
 STATE V. HAMER

 McGEE, C.J., dissenting

 has waived it on your behalf. The State has consented to
 that. Do you consent to that also?

 DEFENDANT: Yes, sir.

 THE COURT: And you understand that the State has
 dismissed the careless and reckless driving. The only
 allegation against you is the speeding, and that is a Class
 III misdemeanor. It does carry a possible fine. And under
 certain circumstances it does carry possibility of a 20-day
 jail sentence. Do you understand that?

 DEFENDANT: Yes, sir.

 THE COURT: All right. Is that acceptable to you?

 DEFENDANT: Yes, sir. I feel confident it was.

 THE COURT: Thank you so much. You may have a seat.

(Emphasis added). I can find no precedent that would allow the waiver of the

constitutional right to a jury trial after the trial has commenced; in fact, after the

State had rested. Further, I do not agree that the trial court’s inquiry was sufficient

to meet the requirements of N.C.G.S. § 15A-1201(d) and art. I, § 24, even had it

occurred prior to trial.

 E. Conclusion – Art. I, § 24 and N.C.G.S. § 15A-1201

 The record evidence10 is that Defendant did not request waiver in compliance

with the requirements of N.C.G.S. § 15A-1201(c), as constitutionally mandated by

 10When the trial court ensures waiver of a fundamental right has been done knowingly and
voluntarily, and otherwise in accordance with constitutional mandates, it “leaves a record adequate
for any review that may be later sought, and forestalls the spin-off of collateral proceedings that seek

 30
 STATE V. HAMER

 McGEE, C.J., dissenting

art. I, § 24. The State’s duty to ensure the issue of waiver was timely considered by

the trial court was not met. N.C.G.S. § 15A-1201(d). The State did not “schedule the

matter to be heard in open court to determine whether the judge agree[d] to hear the

case without a jury” as required by N.C.G.S. § 15A-1201(d) and art. I, § 24. The trial

court did not, prior to trial, “[a]ddress [D]efendant personally and determine whether

[D]efendant fully underst[ood] and appreciate[d] the consequences of [D]efendant’s

decision to waive the right to trial by jury” before it “consent[ed] to [D]efendant’s

waiver of the right to a trial by jury” as required by N.C.G.S. § 15A-1201(d)(1) and

art. I, § 24.

 It is not clear that the trial court conducted an inquiry to determine whether

Defendant was requesting waiver of a fundamental right “knowingly and voluntarily”

as required by both art. I, § 24 and N.C.G.S. § 15A-1201(b). I do not find the brief

questioning of Defendant, even had it occurred at a constitutionally appropriate time,

to have been sufficient to establish Defendant fully understood his fundamental right

to a jury trial and the potential consequences of waiving that right. I do not believe

the trial court’s inquiry was sufficient under N.C.G.S. § 15A-1201, art. I, § 24, and

precedent of our Supreme Court to ensure Defendant’s waiver was done knowingly

and voluntarily. N.C. Const. art. I, § 24; N.C.G.S. § 15A-1201; see also State v. Hyatt,

132 N.C. App. 697, 700, 702-03, 513 S.E.2d 90, 93-94 (1999).

to probe murky memories.” Boykin v. Alabama, 395 U.S. 238, 243-44, 23 L. Ed. 2d 274, 280 (1969)
(citations omitted).

 31
 STATE V. HAMER

 McGEE, C.J., dissenting

 Most importantly, I do not believe Defendant could constitutionally waive his

right to a jury trial in the middle of the trial, nor that the trial court had the

constitutional authority to “consent” to any such requested waiver after Defendant’s

trial had begun—absent declaring a mistrial and proceeding anew. I agree with the

majority opinion that “a plain reading of N.C. Gen. Stat. § 15A-1201 ‘leaves no doubt

that the legislature intended to place’ certain responsibilities on, and require specific

acts by, the presiding judge in considering a defendant’s waiver of the right to a jury

trial. [(In re E.D., 372 N.C. 111, 121, 827 S.E.2d 450, 457 (2019) (citations and

quotation marks omitted)].” The entire portion of the trial where the State presented

its evidence was conducted with no jury and no constitutionally sufficient waiver of

Defendant’s right to a jury trial, i.e., it was conducted without any constitutionally

constituted trier of fact. In my opinion, it was not possible for the trial court to satisfy

the requirements of N.C.G.S. § 15A-1201, art. I, § 24, and relevant precedent after

more than half of Defendant’s trial had already been conducted. There was structural

error in Defendant’s trial, and the judgment in this matter must be arrested.

Boderick, 258 N.C. App. at 524–25, 812 S.E.2d at 895 (citations omitted) (“Because

the fact-finder in the present case was ‘improperly constituted’ for purposes of N.C.

Const. art. I, § 24 in that it consisted of a single trial judge rather than twelve

unanimous jurors, ‘automatic reversal is required.’”).

 III. State v. Swink and its Progeny

 32
 STATE V. HAMER

 McGEE, C.J., dissenting

 The majority opinion, understandably, relies primarily on this Court’s opinion

in Swink, an opinion in which I participated as a panel member. Swink, 252 N.C.

App. 218, 797 S.E.2d 330. For several reasons, I do not believe we are bound, on the

facts before us, by the section in Swink analyzing N.C.G.S. § 15A-1201(d). The

majority opinion states:

 In order to prove that the trial court erred by accepting his
 waiver of the right to a jury trial, Defendant must show (1)
 that the trial court violated the waiver requirements set
 forth in N.C. Gen. Stat. § 15A-1201, and (2) that Defendant
 was prejudiced by the error. State v. Swink, 252 N.C. App.
 218, 221, 797 S.E.2d 330, 332 (2017).

(Citation omitted). Although I agree with the first part of this citation, as applied to

this case, I disagree with the second.

 In Swink, this Court held the trial court had the constitutional authority to

consent to the defendant’s waiver of a jury trial because the defendant’s request was

made and decided after the effective date of the 2014 amendments of both art. I, § 24,

and N.C.G.S. § 15A-1201:11

 [T]he 2 March 2015 hearing [on the defendant’s waiver
 request] served the same function as an arraignment.
 Accordingly, we conclude . . . that “because [the
 d]efendant’s arraignment occurred after the effective date
 of the constitutional amendment and accompanying
 session law, the trial court was constitutionally authorized
 to accept Defendant’s waiver of his right to a jury trial.”

 ....

 11But before the 2015 amendments to N.C.G.S. § 15A-1201 went into effect, so N.C.G.S. §§
15A-1201(c) through (f) were not applicable in that defendant’s case.

 33
 STATE V. HAMER

 McGEE, C.J., dissenting

 Although the North Carolina Constitution as amended now
 provides that the exercise of the waiver is “subject to
 procedures prescribed by the General Assembly,” N.C.
 Const. art. I, § 24, we note that the General Assembly had
 not prescribed any specific procedures for waiver of jury
 trial that would have been effective at the time defendant’s
 waiver was made to the trial court in this case. A
 subsequent amendment to N.C. Gen. Stat. § 15A-1201
 (2015) does contain further guidance on the waiver
 procedure that “applies to defendants waiving their right
 to trial by jury on or after [October 1, 2015].” We[,
 however,] rely upon existing law in analogous situations to
 resolve this case, while acknowledging the limited scope of
 cases for which this may be applicable.

Swink, 252 N.C. App. at 222, 224 n. 2, 797 S.E.2d at 333, 334 n. 2 (citations omitted)

(emphasis added). Unlike in Swink, the case before us, in part, concerns alleged

violations of not only N.C.G.S. § 15A-1201(b), but also N.C.G.S. §§ 15A-1201(c) and

(d), which were not in effect when this Court decided Swink. In addition, in Swink

we did not conduct any constitutional analysis of the alleged violations of N.C.G.S. §

15A-1201.12 Therefore, I do not believe Swink is controlling authority in this case, in

which Defendant argues constitutional violations of his right to a jury trial, in part

based on N.C.G.S. §§ 15A-1201(c) and (d).

 However, although this Court in Swink had already held the trial court had

not committed any error, it also included an “arguendo” analysis of the defendant’s

 12 Compare this Court’s analysis of the defendant’s N.C.G.S. § 15A-1201(d) argument with its
analysis of the defendant’s “knowingly and voluntarily” argument. This Court clearly conducted a
constitutional analysis based on art. I, § 24 in the latter, but not in the former. Swink, 252 N.C. App.
at 220, 223, 797 S.E.2d at 332, 334.

 34
 STATE V. HAMER

 McGEE, C.J., dissenting

prejudice arguments. Swink, 252 N.C. App. at 222, 797 S.E.2d at 333 (citation

omitted) (“even if we assumed there was a violation of the statute, defendant has not

met the second prong of the standard: prejudice”). Because this Court only considered

an alleged violation of the statute itself, without consideration of whether such an

error would also constitute a violation of art. I, § 24, this Court’s analysis was based

entirely on whether the defendant could prove prejudice based upon a purely

statutory error, under the regular prejudice standard set forth in N.C.G.S. § 15A-

1443. N.C.G.S. § 15A-1443(a) (“A defendant is prejudiced by errors relating to rights

arising other than under the Constitution of the United States[, or the constitution

of this State,] when there is a reasonable possibility that, had the error in question

not been committed, a different result would have been reached at the trial out of

which the appeal arises. The burden of showing such prejudice under this subsection

is upon the defendant.”); See also Swink, 252 N.C. App. at 222–23, 797 S.E.2d at 333.

I do not believe the following reasoning in Swink controls the case before us:

 Defendant argues that the “denial of the right to a jury trial
 is a structural error requiring automatic reversal without
 a showing of prejudice.” But the cases defendant cites
 involve fatal constitutional errors depriving the defendant
 of his or her constitutional right to a jury trial, rather than
 the intentional waiver of a statutory right to a jury trial,
 which is what is at issue here.

Swink, 252 N.C. App. at 222–23, 797 S.E.2d at 333 (emphasis added).

 35
 STATE V. HAMER

 McGEE, C.J., dissenting

 In general, if an error violates a constitutional requirement, the prejudice

analysis is controlled by N.C.G.S. § 15A-1443(b). N.C.G.S. § 15A-1443(b) (“A violation

of the defendant’s rights under the Constitution of the United States[, or the

constitution of this State,] is prejudicial unless the appellate court finds that it was

harmless beyond a reasonable doubt. The burden is upon the State to demonstrate,

beyond a reasonable doubt, that the error was harmless.”). However, as discussed

above, when an error fundamentally corrupts the trial process itself, such as a

violation of a defendant’s right to be tried by a jury of twelve, the error is structural,

and the defendant need not demonstrate any additional prejudice. Poindexter, 353

N.C. at 444, 545 S.E.2d at 416 (citation omitted) (“A trial by a jury that is improperly

constituted is so fundamentally flawed that the verdict cannot stand.” Once it is

determined that such a fundamental flaw exists, the “case is not subject to harmless

error analysis; and [the] defendant is entitled to a new trial.”). Such structural errors

are recognized in the last sentence of N.C.G.S. § 15A-1443(a): “Prejudice also exists

in any instance in which it is deemed to exist as a matter of law or error is deemed

reversible per se.” N.C.G.S. § 15A-1443(a). In Swink, this Court clearly stated: “As

we have concluded in this case that no constitutional error occurred, defendant’s

argument regarding structural error has no merit here.” Id. at 223, 797 S.E.2d at

334. The cases relied upon for this Court’s prejudice analysis in Swink did not involve

structural error. Swink, 252 N.C. App. at 221, 797 S.E.2d at 332. Unlike in Swink,

 36
 STATE V. HAMER

 McGEE, C.J., dissenting

the decision now before us requires this Court to conduct a constitutional analysis

involving the alleged violation of the art. I, § 24 right to a trial by jury.

 Swink is cited in two subsequent opinions of this Court: Boderick, 258 N.C.

App. 516, 812 S.E.2d 889, and Rutledge, __ N.C. App. __, 832 S.E.2d 745. I do not

believe either controls the outcome of this case. In Boderick, the trial court

“consent[ed] to a bench trial based on the written stipulation of [the defendant and

the State]. The parties so stipulated, and [the] bench trial began on 18 March 2016[,]”

resulting in the defendant’s conviction. Boderick, 258 N.C. App. at 521, 812 S.E.2d

at 893. This Court recognized that “[t]he trial court’s authority to consent to [a] bench

trial derived from a recent amendment to Article I, Section 24[.]” Id. (emphasis

added). Because the defendant “was arraigned [in] February 2014” and “the

constitutional amendment permitting waiver of a jury trial only applie[d] to

defendants who [we]re arraigned on or after 1 December 2014[,]” id., this Court held

that the trial court’s “consent” to the defendant’s stipulation to waive the right to a

jury trial constituted structural error.

 Because the fact-finder in the present case was “improperly
 constituted” for purposes of N.C. Const. art. I, § 24 (2014)
 in that it consisted of a single trial judge rather than twelve
 unanimous jurors, “automatic reversal is required.”
 Despite the trial court’s patient efforts to accommodate
 defendant, defendant is entitled to a new trial, by jury.

 37
 STATE V. HAMER

 McGEE, C.J., dissenting

Id. at 524–25, 812 S.E.2d at 895 (citation omitted). However, in distinguishing the

facts before it from those in Swink, this Court used language, emphasized below, that

could be misinterpreted if not read in context:

 In contrast to the defendant in Swink, at the time
 defendant was arraigned, amended Article I, Section 24
 had not gone into effect and had not been codified. Thus,
 the error that defendant asserts on appeal regarding the
 waiver of his right to a jury trial is constitutional in nature,
 rather than statutory. The applicable version of Article I,
 Section 24 required that defendant not “be convicted of any
 crime but by the unanimous verdict of a jury in open court.”
 However, defendant was not convicted by the unanimous
 verdict of a jury.

Id. at 524, 812 S.E.2d at 895 (citation omitted) (emphasis added). Initially, because

this statement was not necessary to the ultimate decision in Boderick, it is dicta.

Further, the Court was illuminating the distinction between the analysis done in

Swink, which was expressly limited to a review of alleged statutory violations, and

the analysis before the Court in Boderick, which was solely based upon the

constitutional requirements of the pre-amendment version of art. I, § 24 applicable

in that case. Id. at 523, 812 S.E.2d at 894. In the case now before this Court, the

“applicable version of Article I, Section 24” “required that [D]efendant [was] not ‘[]

convicted of any crime but by the unanimous verdict of a jury in open court’” unless

Defendant, “in writing or on the record in the court and with the consent of the trial

judge, waive[d] jury trial, subject to procedures prescribed by [N.C.G.S. § 15A-1201].”

N.C. Const. art. I, § 24.

 38
 STATE V. HAMER

 McGEE, C.J., dissenting

 Swink was again cited in Rutledge, where, although the defendant couched his

argument in constitutional terms, the defendant’s argument was in fact limited to

alleged statutory violations—the defendant did not argue the violation of his

constitutional right to a jury trial pursuant to art. I, § 24, and this Court did not

conduct any constitutionally based review. Rutledge, __ N.C. App. at __, 832 S.E.2d

at 747 (citations omitted) (“The sole issue on appeal is whether the trial court erred

in granting Defendant’s request to waive a jury trial . . . in violation of N.C. Gen. Stat.

§ 15A-1201 (2017).” “The Court conducts a de novo review of a question of law to

determine whether a trial court has violated a statutory mandate.”). This Court’s

analysis in Rutledge was conducted under the heading: “A. Statutory Violation.” Id.

I do not believe Rutledge controls this case.

 I note, however, that language in Rutledge does not align with the statutory

requirements of N.C.G.S. § 15A-1201 as I understand them. Although I do not believe

Rutledge controls this case—because our review is of an alleged constitutional error

and that in Rutledge was of an alleged statutory error—the majority opinion adopts

the statutory analyses in Swink, Boderick, and Rutledge for application to the

constitutional arguments in this case. Therefore, I believe it necessary to address my

concerns.

 In Rutledge, this Court appears to limit its analysis to the “filing of notice of

waiver” pursuant to N.C.G.S. § 15A-1201(c)(2). Id. N.C.G.S. § 15A-1201(c)(2) states

 39
 STATE V. HAMER

 McGEE, C.J., dissenting

that the filing must be done “within the earliest of (i) 10 working days after

arraignment, (ii) 10 working days after service of a calendar setting under G.S. 7A-

49.4(b), or (iii) 10 working days after the setting of a definite trial date under G.S.

7A-49.4(c).” N.C.G.S. § 15A-1201(c)(2). This Court noted: “Nothing in the record

before us indicates when either the calendar setting . . . or the setting of the definite

trial date [both of which are relevant events for filing written notice pursuant to

N.C.G.S. § 15A-1201(c)(2)] . . . occurred in this case.” Rutledge, __ N.C. App. at __,

832 S.E.2d at 747.

 However, because the calendar had to have been set prior to trial, whereas the

defendant’s arraignment occurred at trial, this Court does not have to know the exact

date service of the calendar occurred to determine “the earliest of” “10 working days

after service of a calendar setting under G.S. 7A-49.4(b),” or “10 working days after

[the defendant’s] arraignment.” N.C.G.S. § 15A-1201(c)(2).

 Nonetheless, at the start of the defendant’s trial “[t]he court and [the

d]efendant signed form AOC-CR-405 (‘Waiver of Jury Trial form’). The document was

not signed by the State[,]” but the State consented to waiver. Rutledge, __ N.C. App.

at __, 832 S.E.2d at 746–47. “After the waiver was entered, [the d]efendant’s attorney

requested that [the d]efendant be arraigned. After arraignment, [the d]efendant’s

trial began.” Id. at __, 832 S.E.2d at 747. This Court reasoned that because a written

request for waiver was submitted to the trial court prior to the defendant’s formal

 40
 STATE V. HAMER

 McGEE, C.J., dissenting

arraignment,13 which occurred at trial because “[a]pparently, a formal arraignment

was not requested by [the d]efendant at any time prior to the scheduled trial date[,]”

id. at __, 832 S.E.2d at 748, there was no violation of the notice requirements found

in N.C.G.S. § 15A-1201(c). This Court in Rutledge established an additional manner

of complying with the notice requirements of N.C.G.S. § 15A-1201(c):

 The filing of a written notice of intent to waive a jury trial
 on the date of the arraignment and subsequent trial is
 proper where: (1) the defendant gives notice of his intent to
 waive his right to a jury trial at the date of trial; (2) consent
 is given to waive jury trial by both the trial court and the
 State; and (3) the defendant invites noncompliance with
 the timeline requirements of N.C. Gen. Stat § 15A-1201(c)
 by his own failure to request a separate arraignment prior
 to the date of trial. See N.C. Gen. Stat § 15A-1201.

Rutledge, __ N.C. App. at __, 832 S.E.2d at 748.

 I am uncertain how N.C.G.S. § 15A-1201 serves as support for this additional

judicially created method of giving notice pursuant to N.C.G.S. § 15A-1201(c). This

new “procedure,” in my opinion, serves to undermine a defendant’s right to a jury

trial in that it converts a defendant’s failure to give the notice required by subsection

(c) from a requirement precedent to the waiver of a defendant’s fundamental right to

a jury trial into a requirement precedent to the protection of a defendant’s right to a

jury trial. The Swink “amendment” to the requirements of N.C.G.S. § 15A-1201(c)

abrogates the trial court’s duty to ensure that a defendant’s constitutional right to a

 13 Even though “after service of [the] calendar setting[.]” N.C.G.S. § 15A-1201(c)(2).

 41
 STATE V. HAMER

 McGEE, C.J., dissenting

jury trial has been properly waived; instead placing the burden on a defendant to

preserve that fundamental right. I believe the relevant question is simply whether

the defendant complied with N.C.G.S. § 15A-1201(c). If the defendant did comply

with the notice requirements, the trial court could have then proceeded to determine

whether it should “consent” to the waiver request. If a defendant fails to comply with

N.C.G.S. § 15A-1201(c), I believe the “remedy” to this noncompliance, and the duty of

the trial court, is to deny the defendant’s waiver request, and proceed with a jury

trial.

 This Court also stated in Rutledge: “If Defendant wanted to waive his jury trial

in accordance with [N.C.G.S. §] 15A-1201, he needed to request a formal arraignment

prior to trial and deliver notice of intent to waive at either that arraignment time, or

the time of the calling of the calendar. Defendant failed to do either.” Rutledge, __

N.C. App. at __, 832 S.E.2d at 750. However, art. I, § 24 mandates that a defendant’s

waiver of the fundamental right to a jury trial must be done “in accordance with

[N.C.G.S. §] 15A-1201.” Id. There is no other constitutional procedure for a

defendant to waive the right to a jury trial than that set forth in art. I, § 24 and, by

incorporation, N.C.G.S. § 15A-1201. These requirements are for the protection of a

defendant’s right to a jury trial, they are not prerequisites for a defendant’s right to

appeal the issue.

 42
 STATE V. HAMER

 McGEE, C.J., dissenting

 I must also disagree with the statement in Rutledge, cited by the majority

opinion, implying that the General Assembly has the power to determine the inquiry

necessary for constitutional waiver of a fundamental constitutional right:

 “Neither N.C. Gen. Stat. § 15A-1201(d)(1) nor applicable
 case law has established a script for the colloquy that
 should occur between a superior court judge and a
 defendant seeking to exercise his right to waive a jury
 trial.” Rutledge, __ N.C. App. at __, 832 S.E.2d at 748
 (citations and internal quotation marks omitted). “No . . .
 specific inquiries are required in the statute to make the
 determination of [a] [d]efendant’s understanding and
 appreciation of the consequences” of the decision to waive
 his right to trial by jury. Id.

The fact that the General Assembly has not established minimum standards for the

trial court’s inquiry when a defendant seeks to waive the right to a jury trial cannot

mean that there are no standards. Such an interpretation would completely

contradict the purposes of N.C.G.S. § 15A-1201 and art. I, § 24. Further, it is the

courts, not the General Assembly, that must determine the baseline requirements for

waiving a fundamental constitutional right.

 Finally, this Court in Rutledge stated: “Presuming, without finding, the trial

court’s grant of Defendant’s requested waiver was error under N.C. Gen. Stat. § 1201,

Defendant has failed to and cannot show prejudice under N.C. Gen. Stat. § 15A-1443.”

Rutledge, __ N.C. App. at __, 832 S.E.2d at 750. Because this Court in Rutledge was

only conducting a statutory review, not a constitutional one, the application of the

general harmless error standard in N.C.G.S. § 15A-1443 was not, on its face,

 43
 STATE V. HAMER

 McGEE, C.J., dissenting

incorrect. However, because there were constitutional issues that could not be

separated from the statutory issues, it was the duty of this Court to address the

constitutional issues ex mero motu. Hudson, 280 N.C. at 78, 185 S.E.2d at 192. The

Court in Rutledge continued:

 The record is devoid of any indication tending to show a jury would have
 been privy to exculpatory evidence that this trial court did not consider.
 Defendant initiated and requested the waiver of a jury trial on the day
 of trial. Defendant made the strategic choice to request a bench trial
 and was informed of the potential consequences of his request and
 proceeded to trial. The trial court’s grant of such request, even if it was
 shown to be in technical violation of N.C. Gen. Stat. § 15A-1201, was not
 prejudicial. Defendant’s arguments are overruled.

Rutledge, __ N.C. App. at __, 832 S.E.2d at 750. As I have indicated above, I believe

the violation of a defendant’s right to a jury trial is structural error not requiring any

showing of actual prejudice. Because Rutledge did not base its holdings on any

constitutional analysis, I do not believe it controls this case. However, were this

analysis from Rutledge applied to review of the fundamental art. I, § 24 right to a jury

trial, the right would cease to exist in any meaningful way.

 IV. Conclusion

 I would hold that Defendant’s right to a trial by a properly constituted jury of

twelve was violated, that this violation constituted structural error, and that a new

trial is required. Along with violations of N.C.G.S. § 15A-1201 and the mandates of

art. I, § 24, at least half of the trial was conducted without any properly constituted

finder of fact. Although the majority opinion does not address Defendant’s argument

 44
 STATE V. HAMER

 McGEE, C.J., dissenting

that his waiver was not made “knowingly and voluntarily” “under our amended

constitution” and N.C.G.S. § 15A-1201(b), I would hold that a waiver of the right to a

jury trial cannot be “knowingly and voluntarily” made if the trial is going to proceed

without any properly constituted finder of fact. I also disagree that a waiver can be

“knowing and voluntary” after at least half of the trial has already been conducted.

Finally, I would find the mid-trial inquiry insufficient to meet the requirements for

waiver of a fundamental constitutional right.

 45